**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DELBERT MCNEIL, JR.,

      Plaintiff-Appellant,

v.

JOHN CLAY ANDERSON,

      Defendant-Appellee.

No. 07-6132
(D.C. No. CIV-05-429-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **EBEL**, Circuit Judges.


In this 42 U.S.C. § 1983 case, Delbert McNeil, Jr. alleges that John Clay

Anderson, an Oklahoma state trooper, used excessive force in the aftermath of an

investigatory traffic stop. McNeil appeals the district court's granting of Trooper

Anderson's motion for summary judgment on the grounds of qualified immunity.

We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In the late-night hours of June 2, 2003, Anderson stopped McNeil's pickup truck for traveling erratically at an excessive speed on an interstate highway. As he walked toward the truck, Anderson noticed a gas can with an attached hose in the truck bed and several cans of starter fluid, items associated with the manufacturing of methamphetamine. Approaching the driver's side window, Anderson recognized McNeil from an earlier traffic encounter in which Anderson was exposed to a chemical vapor spewing from McNeil's vehicle. Anderson also knew that McNeil had been arrested previously on charges of assaulting a police officer.

Because of this history, Anderson ordered McNeil to step out of his vehicle, move to the grassy ditch area next to the highway, stand up, and place his hands behind his back.[1] Events unfolded quickly after that. In response to McNeil's statement that he was getting a cell phone from his pants, Anderson shouted that if McNeil pulled out anything but a phone, he would kill McNeil.

---

[1] Anderson's patrol car was equipped with a dashboard camera, which recorded the incident. *See Scott v. Harris*, 127 S. Ct. 1769, 1775 n.5 (appending link to videotape to opinion, stating "We are happy to allow the videotape to speak for itself."). A DVD copy of the audio and video record was submitted as an exhibit to Anderson's summary judgment motion. R., Doc 45, Ex. 5. The core of McNeil's claim concerns events that occurred in the ditch, outside the range of the camera. The parties' statements, however, are audible from the microphone inside the patrol vehicle or the microphone on Anderson's person. This court has disregarded McNeil's unsupported allegations that Anderson covered his microphone and uttered racial epithets.

Speaking in a loud and excited voice, Anderson repeatedly issued commands to McNeil to put his hands behind his head. After he saw McNeil throw an object, he ordered McNeil to lay down and put both hands behind his back. A scuffle ensued in the ditch, ending with McNeil's running to the front of his pickup truck. Anderson retreated to his patrol car, retrieved a shotgun, and called for backup. When he again ordered McNeil to lay down in the ditch (and again threatened to kill him if he did not), McNeil became cooperative. He remained in the ditch until backup officers arrived to assist with handcuffing him. Upon a search of the surrounding area, Anderson found a bag that had been emptied of methamphetamine.

One of the backup officers took McNeil to jail, where he did not request or receive medical treatment. McNeil was charged with possession of a controlled dangerous substance (methamphetamine), resisting an officer, and speeding. After a trial, an appeal, and a re-trial, McNeil was convicted of resisting an officer.

McNeil filed this civil-rights case, alleging excessive force during the roadside arrest. According to McNeil, Anderson fabricated the speeding, erratic-driving, and methamphetamine-paraphernalia allegations because he wished to "execute" McNeil in "revenge" for the prior incident. Aplt. Br. at 2. Anderson found "the right time of night" and location for an attempt to kill

McNeil. *Id.* Though Anderson failed to kill him, McNeil claims, the encounter injured his back and caused emotional trauma.

Anderson moved for summary judgment on qualified-immunity grounds. The magistrate judge assigned to the case reviewed the parties' filings, including the DVD recording, determined that Anderson did not use constitutionally excessive force and recommended granting the motion for summary judgment. The district court reviewed the matter de novo, adopted the magistrate judge's report and recommendation, and entered summary judgment in favor of Anderson.

## II.

## A.

"Public officials facing civil liability for alleged constitutional violations may assert qualified immunity. The doctrine, which provides 'immunity from suit rather than a mere defense to liability,' prevents undue interference with public affairs by cutting short baseless litigation against government actors." *Mecham v. Frazier*, 500 F.3d 1200, 1203 (10th Cir. 2007) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

"In resolving questions of qualified immunity," the "'threshold question'" is whether, "'[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'" *Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A court proceeds to the question of "'whether the right was

clearly established'" only if it "finds a violation of a constitutional right." *Id.* (quoting *Saucier*, 533 U.S. at 201. "Whether a plaintiff has alleged conduct . . . that violates the Constitution" is a legal question to be reviewed de novo. *Radecki v. Barela*, 146 F.3d 1227, 1229 (10th Cir. 1998).

At the summary judgment stage, a plaintiff "must . . . show evidence that [the defendant] affirmatively violated a constitutional right and that the right was clearly established at the time." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1150 (10th Cir. 2006). A plaintiff is obligated to "present some evidence to support the allegations" because "mere allegations, without more, are insufficient." *Id.* at 1151 (internal quotation marks omitted). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Id.* (internal quotation marks omitted). To survive a summary judgment motion, "[t]he plaintiff must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case. . . ." *Id.* (internal quotation marks omitted).

The Fourth Amendment's reasonableness standard applies to McNeil's claim of excessive force. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). The court views "a particular use of force . . . from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that

are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Id*. at 396-97. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id*. at 396 (citation and quotations omitted).

The ultimate question "is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Id.* at 397 (internal quotations marks omitted). This determination "'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Casey v. City of Federal Heights*, No. 06-1462 (quoting *Graham*, 490 U.S. at 396) (10th Cir., currently in circulation).

B.

Putting aside his unsupported allegations of a revenge plot, McNeil has not provided any evidence supporting his excessive-force claim. The parties' encounter was prompted by Anderson's decision to conduct a traffic stop of a speeding, improperly driven vehicle. Upon his approach to McNeil's truck, Anderson observed methamphetamine-related items in the truck bed and recognized McNeil, thereby arousing reasonable safety concerns. Thus, Anderson was justified in ordering McNeil to exit the truck, move to the rear of the truck, and go to the ditch at the side of the highway.

-6-

McNeil escalated the potential safety threat by failing to comply with Anderson's orders, struggling with Anderson, and then actively resisting arrest. Even if, as McNeil alleges, Anderson exaggerated the previous incident, issued contradictory commands, pointed weapons at him, wrestled with him on the ground, and kneed him in the back, the encounter did not involve constitutionally excessive force. *See Mecham*, 500 F.3d at 1205 (concluding that plaintiff's disregard for instructions at side of a highway justified use of force to subdue her).

From Anderson's perspective, the rapidly developing encounter was fraught with danger. His conduct was objectively reasonable under the totality of the circumstances. As a consequence, McNeil's claim of excessive force cannot survive summary judgment proceedings.

### III.

We AFFIRM the district court's grant of summary judgment on qualified immunity grounds. We remind McNeil of his obligation to continue making partial payments of his appellate filing fee until the entire balance is paid in full.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge